## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**TANYATTA KINNEL**                                                                                   **PLAINTIFF**

**v.**                                                                     Civil Action No.: __3:20-CV-247-NBB__-RP

**TUNICA COUNTY, MISSISSIPPI,
SHERIFF K.C. HAMP, IN HIS
OFFICIAL CAPACITY, JAILER BARBARA
ROACH, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY, JAILER SHARON
HARGROW, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY, SERGEANT DAVID
ELLINGTON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY, CORPORAL RHONDA
BURTON, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY, AND JOHN DOES
1-5, IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES AND/OR OTHER EMPLOYEES,
INCLUDING SUPERVISORY OFFICIALS WHOSE
IDENTITIES ARE CURRENTLY UNKNOWN**                                      **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

1. This Complaint is brought by Tanyatta Kinnel ("Plaintiff"), acting by ahd through her undersigned counsel, against Tunica County, Mississippi, K.C. Hamp as Sheriff, Jailer Barbara Roach, Jailer Sharon Hargrow, Sergeant David Ellington, Corporal Rhonda Burton (hereinafter "Defendants") and John Does 1-3.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1332 and 1343, as well as 42 U.S.C. §1983. Subject matter jurisdiction is appropriate in federal court since a federal question is raised pursuant to the 8th and 14th Amendments to the United States Constitution.

3. Venue is appropriate in this Court under §1391(b) and §1392, as all acts and/or omissions occurred in Tunica County, Mississippi, which is located within the Northern District of the United States District Court, Oxford Division.

## **PARTIES**

4. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Robinsonville, MS.

5. Defendant, Tunica County (hereinafter **"Defendant Tunica Co."**) is located within the Northern District of the United States District Court, Oxford Division. Tunica County, by and through Tunica County Sheriff's Department, manages and operates the County Jail. The County Jail is a correctional facility created by statute and is located at 5126 Mhoon Landing Road, Tunica, MS 38676. Tunica County and its duly elected sheriff K.C. Hamp, have the responsibility for providing humane care and treatment consistent with all constitutional and American Correctional Association (ACA) standards. At all times material, Tunica County had a non-delegable duty to provide detainees and inmates, including Plaintiff, with necessary medical care and treatment from qualified medical providers that meets a community standard of care. To the extent Tunica County delegated authority to make decisions to other healthcare providers, either expressly or by default, the policies and customs of those healthcare providers become the policies and customs of Tunica County, and Tunica County is liable for their actions if they policy proves unconstitutional. See ***Ancata v. Prison Health Servs., Inc.***, 769 F.2d 700, 705-706 (11th Cir. 1985) and cases cited therein. Defendant Tunica County is subject to the in personam jurisdiction of this Court by service of process upon its Board of Supervisors, by and

through the Tunica County Chancery Court Clerk, Rechelle R. Rogers, located at 1300 School Street, #104, Tunica, MS 38676.

6. Defendant Sheriff K.C. Hamp (hereinafter "Defendant Sheriff Hamp") is an adult resident citizen of the State of Mississippi, employed with Tunica County (Sheriff's Department). Upon information and belief, Defendant Hamp may be served with process at his place of employment, at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

7. Defendant Jailer Barbara Roach (hereinafter "Defendant Jailer Roach") is an adult resident citizen of the State of Mississippi, employed with Tunica County (Sheriff's Department). Upon information and belief, Defendant Jailer Roach may be served with process at her place of employment, at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

8. Defendant Jailer Sharon Hargrow (hereinafter "Defendant Jailer Hargrow") is an adult resident citizen of the State of Mississippi, employed with Tunica County (Sheriff's Department). Upon information and belief, Defendant Jailer Hargrow may be served with process at her place of employment, at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

9. Defendant Sergeant David Ellington (hereinafter "Defendant Sgt. Ellington") is an adult resident citizen of the State of Mississippi, employed with Tunica County (Sheriff's Department). Upon information and belief, Defendant Sgt. Ellington may be served with process at his place of employment, at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

10. Defendant Corporal Rhonda Burton (hereinafter "Defendant Corp. Burton") is an adult resident citizen of the State of Mississippi, employed with Tunica County (Sheriff's Department). Upon information and belief, Defendant Corp. Burton may be served with process at his place of employment, at 5126 Old Mhoon Landing Road, Tunica, MS 38676.

11. Plaintiff is ignorant as to the full identities of Defendant John Does 1-3 who are unknown jailers, sergeants, corporals, deputies, servants and or employees of the Tunica County and/or Defendants. They include, but are potentially not limited to, the jailers/sergeants/corporals involved in the subject events as stated in the Facts below. Further, Doe Defendants were at all times acting under color of law with the permission and consent of Defendants within the course and scope of their respective employment. As their identities are learned, the Plaintiff reserves the right to amend this Complaint to allege their true names, and allege that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as alleged herein, were proximately caused by their misconduct.

**FACTS**

12. At all times relevant herein, Plaintiff was pregnant and/or bearing child. On or about October 22nd, 2019 through October 25th, 2019, Plaintiff was an inmate in the custody of the Tunica County Sheriff's Department.

13. On or about October 22nd, 2019, Ms. Kinnell began voicing complaints to Jailer Roach that she was experiencing heavy bleeding and pain. Defendant Jailer Roach provided disposable menstrual (specifically "pads") and instructed Ms. Kinnel to put the pads

on. Jailer Roach further stated "people bleed while they're pregnant," and Ms. Kinnel responded "Well I don't. I need help."

14. On October 23rd, 2019, Plaintiff continued to suffer heavy bleeding so she informed Jailer Hargrow. Jailer Hargrow followed the previous procedures of Jailer Roach who only supplied pads to Ms. Kinnel.

15. The following day, Plaintiff continued to suffer bleeding so she the notified Jailer Shelia "Doe" who only issued more pads to her as well.

16. On October 25th, 2019, Plaintiff spoke with Sgt. Ellington requesting medical attention because she was still bleeding. Sgt. Ellington simply said "ok," so Plaintiff called her mother, Jody Kinnel Thomas, to notify her of the delay and denial of medical attention. The purpose of this recorded phone call was to ensure that Ms. Thomas was able to get in contact with someone would could get medical assistance for Plaintiff.

17. Finally, on October 25th, 2019 (after speaking with her mother), Plaintiff was escorted to the Clarksdale Regional Hospital by Jailer Roach, where an ultrasound was performed. While at the ultrasound, Plaintiff learned that the sack was still there, but the baby was not. Plaintiff was discharged and transported back to the Tunica County Jail.

18. On November 2nd, 2019 at approximately 2:00 a.m., Plaintiff informed Corporal Rhonda Burton that she was experiencing pain and bleeding so badly that the pads were overflowing. Corporal Burton told Plaintiff that she could not take her anywhere if she was not passing blood clots, so Corporal Burton administered a larger pad to Plaintiff.

19. At approximately 4:00 a.m. on November 2nd, 2019, Plaintiff went to use the bathroom. This is when she began to pass blood clots, and the baby's sack fell into the toilet. Plaintiff yelled for an inmate to press the alert button notifying the jailers to come into the pod. Corporal Burton then instructed Plaintiff to get dressed because they needed to leave. Corporal Burton was in no rush to obtain medical assistance for Plaintiff, as she started the car and smoked a cigarette before returning to the pod to gather Plaintiff for departure to the hospital.

20. Once inside of the transportation vehicle, Corporal Burton took ten (10) additional minutes before departing from the Tunica County Jail. Moreover, Corporal Burton stopped at a store to purchase cigarettes and a sprite, while on the way to the hospital.

21. As a result of Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered a miscarriage.

### §1983 CAUSES OF ACTION:

### FIRST §1983 CLAIM: UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

22. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 17 hereinabove. The Defendants, acting by and through their elected and appointed officials, acted with deliberate indifference in the allegations listed in Paragraph 1 through 17.

23. Pursuant to the Mississippi Code Annotated §47-5-931, regional correctional facilities shall be designed, constructed, operated and maintained in accordance with ACA standards, and shall comply with all constitutional standards of the United States and the State of Mississippi, and with all court orders that may now or

hereinafter be applicable to the facility. Further, the sheriff of the county in which the facility is located is designated as the Sheriff of the county jail. Reginald Boykin ("Boykin") was acting as Jail Administrator at all times pertinent to this action. Both Hamp and Boykin had the responsibility and duty to supervise, oversee and control the training and job performance of jail staff and the operation of the jail including medical services. Hamp and Boykin had the duty to see that the jail was maintained in a safe and sanitary condition, suitable for human occupation and complaint with constitutional requirements. Both had the duty to ensure that the jail officials, jailers, nurses, corporals, sergeants, and other jail staff acted in compliance with the laws and Constitutions of the State of Mississippi and of the United States and did not deprive inmates of their rights guaranteed under the United States Constitution and laws. This included the duty to ensure that the conditions of inmate confinement did not deprive inmates of their right to reasonably, adequate and timely medical care and did not otherwise impose constituted cruel and unusual punishment. This likewise included a duty to see that the conditions of confinement did not impose *any punishment on pretrial detainees.*

24. At all relevant times herein, Sheriff Hamp and Jail Administrator Boykin acted under the color of state law, under the cloak of their respective authority as warden, and as agents, servants, employees and officials of Defendant, Tunica County.

25. At all relevant times herein, Hamp and Boykin enjoyed final policymaking authority over the policies, practices and customs at the County Jail, and displayed and exercised this authority over the policies, practices and customs at the County Jail, At times Hamp and Boykin delegated their authority to other Tunica County

employees and agents, including but not limited to, the Defendants Roach, Hargrow, Ellington, and Burton. Plaintiff asks that the Court take judicial notice that Hamp and Boykin enjoyed final policymaking authority for the County Jail.

26. Tunica County, by and through Hamp, Boykin, Roach, Hargrow, Ellington, Burton, and Doe Defendants, maintained and operated the County Jail in such a manner that the conditions of confinement resulted in a comprehensive and pervasive pattern of serious deficiencies in providing for the basic human needs of the inmates detained in the County Jail in every aspect.

27. The conditions of confinement also included a jail deficient that it was not suitable for human confinement. These conditions resulted in the infliction of punishment on each and all of the inmates who were forced to live there, including the Plaintiff. Such conditions violated Plaintiff's due process rights, including the specific right, as a pretrial detainee, not to be punished through the conditions of her confinement, in violation of the Fourteenth Amendment to the United States Constitution.

28. The conditions of confinement also included many policies, practices, and customs that deprived most, if not all, inmates, including the Plaintiff, of their right to reasonable, adequate and timely medical care, again, specifically their right not to be punished during their pretrial confinement. These included policies, customs and practices, whether written or unwritten, that were expressly announced, sanctioned and/or implemented by Hamp, Boykin, Roach, Hargrow, Ellington, Burton, and other Doe Defendants in their position as the final policymakers of the County Jail. They also included policies, practices and customs which, though possibly not formally adopted, had become so widespread, well-settled and deeply imbedded in

their application, use, employment and acceptance in the jail to have become the policies of the County Jail and of these Defendants.

29. Some of the policies, customs and practices, which constituted elements of the conditions of confinement in the County Jail, included, but were not limited to:

    A.    Regularly denying, delaying or interfering with inmate requests for medical care;

    B.    Ignoring, delaying or failing to promptly comply with treatment procedures for injured detainees;

    C.    Refusing to accommodate the known medical conditions of inmates;

    D.    Not promptly providing reasonable medical care and treatment;

    E.    Failing to have a doctor available to provide treatment for inmates on to diagnose and treat their medical conditions;

    F.    Failing to timely transport inmates to hospitals for treatment of serious medical needs;

    G.    Inadequate and improper training, hiring, supervision and discipline of jailers.

26. The policies, practices and customs set forth in the preceding paragraphs, as well as others which may come to light in the course of this litigation, resulted in numerous, repeated and pervasive deprivations of inmates' rights to reasonable, adequate and timely medical care, under both the Eighth and Fourteenth Amendments, at the County Jail.

27. Each of the foregoing policies, customs and practices were implemented approved, ratified, known and/or constructively known by the officials of Tunica County,

including Hamp, Boykin, Roach, Hargrow, Ellington, Burton, and other Doe Defendants during the Plaintiff's confinement.

28. Each of the foregoing policies, customs and practices constituted elements of the conditions of the Plaintiff's confinement and, both individually and in combination, were moving forces in the deprivation of the Plaintiff's respective rights including her right to reasonable, adequate and timely medical care under the Eighth and Fourteenth Amendment, her right as a pretrial detainee and not to be punished under the Fourteenth Amendment.

29. Defendants Tunica County, Jailers Roach and Hargrow, Sgt. Ellington, Corp. Burton, and the Doe Defendants are jointly and severally liable for Plaintiff's miscarriage. Plaintiff seeks recovery of all compensatory damages to which they are entitled as a result of the conditions of the Plaintiff's confinement, and the damages she suffered therefrom. Plaintiff further seeks recovery of punitive damages from Defendants Roach, Hargrow, Ellington, Burton and other Doe Defendants in their individual capacities for their callous and reckless disregard for the rights and welfare of the Plaintiff's medical needs.

## SECOND §1983 CLAIM: EPISODIC ACTS OR OMISSIONS

26. Plaintiff incorporates all allegations set forth in Paragraph 1 through 29 hereinabove.

27. Tunica County, Hamp, Boykin, Roach, Hargrow, Ellington, Burton and other Doe Defendants maintained and operated a jail in such a manner as to cause the pervasive deprivation of inmate constitutional rights in every respect and at every level. The Plaintiff was forced to live in this jail and endure the action and inaction of

its officials, as well as the jailers, sergeants, corporals and jail staff acting in accordance with jail policies, customs and practices, under color of law, exhibiting callous and deliberate indifference, in depriving her of her rights guaranteed under the Constitution and laws of the United States.

28. Tunica County, Hamp, Boykin, Roach, Hargrow, Ellington, Burton and other jailers and jail staff acting pursuant to jail policy, practice and customs, created and required inmates to remain in a jail cell while pregnant and bleeding profusely so long as no blood clots were seen, which was deficient in so many respect that it was not suitable for human confinement. These actions resulted in the infliction of punishment on each of their inmates who were forced to live under said conditions, including the Plaintiff.

29. As shown hereinabove, Tunica County, by and through its policymakers, implemented and permitted many other policies, practices and customs that deprived most, if not all, inmates, including the Plaintiff, of their right to reasonable, adequate and timely medical care and especially their right not to be punished during their pretrial confinement. These included policies, customs and practices, whether written or unwritten, that were expressly announced, sanctioned and/or implemented by the Plaintiff as final policymaker of the County Jail. They also included policies, practices and customs which, though possibly not formally adopted, had become so widespread, well-settled and deeply imbedded in their application, use, employment and acceptance in the jail to have become the policies of these Defendants.

30. Some of the policies, customs and practices of the County Jail included, but were not limited to:

   A.      Regularly denying, delaying or interfering with inmate requests for medical care;

   B.      Regularly denying or delaying all inmate requests for inmate medical care;

   C.      Ignoring, delaying or failing to promptly comply with the treatment standards      of the County Jail;

   D.      Refusing to accommodate the serious medical conditions of inmates;

   E.      Refusing to timely move seriously ill patients to a hospital or other location where they can receive appropriate care, instead leaving them in a jail cell and      leaving no one to care for them, while bleeding profusely and pregnant.

   F.      Inadequate and improper training, hiring, supervision and discipline of jail staff.

31. The policies, practices and customs set forth in the preceding paragraph, as well as others which may come to light in the course of this litigation, resulted in numerous, repeated, pervasive and persistent deprivations of inmate's rights to reasonable, adequate and timely medical care, under both the Eighth and Fourteenth Amendments, at the County Jail. The Plaintiff suffered numerous deprivations of her right to reasonable, adequate and timely medical care due to the actions of these policymakers, their policies, the jailers and the jail staff.

32. Tunica County and its employees/agents along with Roach, Hargrow, Ellington, and Burton acted with deliberate indifference and callous and reckless disregard for the rights, welfare and medical needs of and other constitutional rights of the Plaintiff.

33. Jailers and jail staff acted, or failed to act, pursuant to the official policies, customs and practices were moving forces in the action and inaction for Roach, Hargrow, Ellington, Burton, jailers, and jail staff, and these individuals acted with deliberate indifference to the rights, welfare and medical needs of and other constitutional rights of the Plaintiff.

34. The deprivation of Plaintiff's rights, as described herein, directly and proximately caused the Plaintiff to suffer severe physical and mental injury and damages. These included miscarriage, excruciating pain and suffering, extraordinary mental and emotional pain and anguish, which necessitated medical treatment and care.

35. Tunica County, Roach, Hargrow, Ellington, Burton and Doe Defendants are jointly and severally liable for the damages, Plaintiff seeks recovery of all compensatory damages to which they are entitled. Plaintiff further seeks recovery of punitive damages from Roach, Hargrow, Ellington, Burton, and Doe Defendants in their individual capacities for their callous and reckless disregard for the rights and welfare of the Plaintiff's medical needs.

**THIRD §1983 CLAIM: CLAIM AGAINST JAILERS/SERGEANT/CORPORAL**

33. The Plaintiff should have been placed on medical watch due to her serious medical condition. There were no nurses on sight so the jailers, sergeants, and corporals were required to check on inmates who were on medical watch to insure that they were not suffering a medical emergency. Defendants Roach, Hargrow, Ellington, Burton, and Does were on duty the early month hours of November 2, 2019 and had, at certain times, performed security checks on the Plaintiff. Pursuant to TCSD policies and procedures, Defendants Roach, Hargrow, Ellington, Burton, and Does

were required to conduct safety checks on the Plaintiff every 30 minutes. The jailers, sergeants, and corporals were also required to obtain some type of response from the Plaintiff to ensure she was alert and responsive. Said Defendants were subjectively aware that the Plaintiff was on medical watch due to her serious medical condition and high risk pregnancy. However, Defendants failed to conduct medical checks every 30 minutes. The failure to conduct the required safety checks was done with deliberate indifference to the Plaintiff's constitutional rights and was objectively unreasonable. As a result, the Plaintiff suffered a miscarriage.

### FOURTH §1983 CLAIM: RATIFICATION

34. Sheriff Hamp and the other policymakers' specified herein, were advised about the Plaintiff's incident. Sheriff Hamp and other policymakers ignored evidence of a disregard of policies and procedures intended for the protection of inmates including Tanyatta Kinnel, and deficiencies that violated the Plaintiff's constitutional rights. Based on information and belief, not one officer, supervisor, nurse or any other person was disciplined, considered for discipline, or even retrained on policies intended for the protection of inmates. Instead, the policymakers approved the actions of the jailers and nurses and therefore ratified those actions.

35. Through these acts and omissions of ratification, Tunica County policymakers were deliberately indifferent to the Plaintiff's constitutional rights as set forth herein. A plaintiff can establish a municipal liability claim by showing that a final municipal policymaker approved an investigation that was "so inadequate as to constitute a ratification" of the misconduct. ***Wright v. City of Canton,*** 138 F. Supp.2d 955, 966 (N. D. Ohio 2001). "If the authorized policymakers approve a subordinate's decision

and the basis for it, their ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988). An isolated decision by a municipal official that is not intended to control future decisions can nonetheless give rise to municipal liability. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-81 (1986).

36. The ratification caused the Plaintiff's injuries and damages and wrongful in whole or in part as set herein.

## PUNITIVE DAMAGES

37. The Plaintiff incorporates all allegations set forth in Paragraph 1 through 36 hereinabove.

38. Roach, Hargrow, Ellington, Burton, and Doe Defendants, in their individual capacities, acted in complete disregard for the safety of the Plaintiff by acting in a negligent and/or grossly negligent manner as previously described herein. The actions of these Defendants warrant punitive damages.

39. Roach, Hargrow, Ellington, Burton, and Doe Defendants' actions in their individual capacities exhibited gross negligence and direct disregard of the safety of the Plaintiff. Punitive damages should be awarded against these Defendants. Defendants' tortious actions caused the Plaintiff to suffer seizures which has led to her suffering a miscarriage.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon a jury trial of this cause, the Court will award all relief due the Plaintiff as set forth herein, including but not limited to the following:

A.  Order that the Defendants pay the Plaintiff a sum in excess of $75,000 as compensatory damages arising from the aforesaid misconduct of Defendants as set forth herein, and enter judgment against Defendants and in favor of the Plaintiff in the amount to be determined by a jury, or in such amount as found due and owing by the jury and/or this Court;

B.  Order that the Defendants pay to the Plaintiff a sum in punitive damages sufficient to deter these Defendants and others similarly situated from like conduct in the future;

C.  Retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendants to file such reports as the Court deems necessary to evaluate such compliance;

D.  Order the Defendants to pay Plaintiff's costs and expenses, including expert witness fees and reasonable attorney's fees, medical expenses, and prejudgment interest on all amounts found due and owing, including, but not limited to, those attorney's fees found properly awardable pursuant to 42 U.S.C. §1988(b); and

E.  Grant such other and further relief, of either an equitable or legal nature, to the Plaintiff as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 26th day of August, 2020.

**TANYATTA KINNEL, Plaintiff**

By:     */s/ Carlos E. Moore*
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com